O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY F. LEWIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ————————————————) | CASE NO. CV 12-02679 RZ <br><br> MEMORANDUM OPINION <br> AND ORDER |

As explained below, the matter must be remanded for further proceedings.

"Under the regulations, if a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. 20 C.F.R. § 404.1527(d)(2); see also Social Security Ruling (SSR) 96-2p. An ALJ may reject the uncontradicted medical opinion of a treating physician only for 'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (footnote and citation omitted). Here, the treating physician stated his opinion that Plaintiff suffered pain from spinal impairments, that he would need to rest during the workday, that he could stand and/or walk a total of 4 hours in a work day, that he could sit for six hours, that he could lift 10 pounds frequently, that he could do no

bending at the waist, and that he occasionally needed the assistance of a cane and might need a back brace. [AR 207-10]

The Administrative Law Judge rejected the treating physician's opinion, stating that it "appears to be based on the claimant's subjective complaints and not on physical examination results or short-term history of medication treatment." [AR 17] While it is true that where a physician's opinion rests on the subjective complaints of a claimant which the Administrative Law Judge discredits, that the opinion itself also is discredited, *Sandgathe v. Chater*, 108 F.3d 978, 980 (1997), that was not the situation here. As the physician noted, Plaintiff suffers from spinal stenosis, a fact which had been verified by an MRI examination. The physician's opinion thus was supported by medically acceptable diagnostic techniques. Further, there was no medical evidence to the contrary, and thus it was consistent with the other medical evidence in the record. Accordingly, as explained in *Holohan*, *supra*, it was entitled to controlling weight.

The Administrative Law Judge also identified only a physical impairment [AR 15], but he erred in not concluding that Plaintiff also suffered from a severe mental impairment. The regulations do not define a "severe" impairment. Instead, they state what a *non*-severe impairment is: one that does not significantly limit physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. The basic work activities are "the abilities and aptitudes necessary to do most jobs," including various physical and mental activities. *Id.* The requirement of having a severe impairment performs a gatekeeping function, screening out frivolous complaints. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). In its internal procedures, the Social Security Administration assesses an impairment as "non-severe" if it has no more than a minimal effect on the individual's ability to do basic work functions. SSR 85-28. This minimalist treatment has received the Courts' imprimatur. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Thus, the requirement that a claimant have a severe impairment has been transmogrified into a requirement that the claimant have an impairment that is not very severe at all — it simply must have more than a minimal effect

on his or her ability to do basic work functions. When the Commissioner rests his decision on the failure to satisfy the severity requirement, that decision, as with any other, must rest on substantial evidence within the record. *Smolen v. Chater, supra,* 80 F.3d at 1289-90.

Plaintiff saw two mental health professionals for consultative examinations. The Administrative Law Judge stated that the results of the first examination were "invalidated by the examining psychologist due to malingering behavior," [AR 16] and that the second was based almost entirely on self-report tests and therefore was not to be relied upon, given Plaintiff's history of having malingered on his first examination. [AR 17] The Administrative Law Judge also stated that there was a total lack of psychological treatment, which he thought was not consistent with a claim of a completely disabling mental impairment. [*Id.*]

Malingering is not an accurate characterization of the record. Presumably the Administrative Law Judge used it because the first psychologist administered a test entitled "Test of Memory Malingering." (Plaintiff has pointed out that, internally, the Social Security Administration thinks little of this test, and instructs its employees not to purchase it. (Plaintiff's Memorandum in Support of Complaint at 3 n.1).) Although the title uses the term "malingering," the test does not appear to demonstrate a false claim of illness; rather, according to the psychologist, it "is an effort level task." [AR 130] The psychologist stated that Plaintiff "performed below expected levels suggestive of a suboptimal level of effort." [*Id.*] The various other tests did not produce reliable results because Plaintiff did not give enough effort. It is important to note, however, that the tests referred to were those which were neurocognitive screeners, measurement of intelligence, and measurement of verbal and visual memory. [AR 130-31] They were not tests evaluating depression or affect. The Court does not understand how suboptimal effort on those psychometric tests invalidates the subsequent results of an examination conducted by a different psychologist ten months later. The subsequent testing also included a test assessing the validity of the responses, and concluded that "[n]o evidence of exaggeration of [sic: or] feigning was found." [AR 215]

The Administrative Law Judge also stated that Plaintiff did not have a record of treatment for mental health issues. Much of the time, of course, Plaintiff was incarcerated. In addition, however, the inference drawn by the Administrative Law Judge is not accurate. Often people in need of mental health treatment do not recognize the need or are unable to bring themselves to seek treatment; indeed, one might suspect that the more debilitating depression is, the *less* likely a person is to seek treatment.

"The Commissioner has stated that '[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step.' S.S.R. No. 85-28 (1985). Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims,' *Smolen,* 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.' S.S.R. 85-28." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). Here, the evidence is at best ambiguous, and the Administrative Law Judge therefore should have concluded that Plaintiff had a severe mental impairment, and proceeded from there.

The Administrative Law Judge committed an additional error in his assessment of Plaintiff's credibility. To begin with, it is unclear the purpose for which the Administrative Law Judge was evaluating Plaintiff's credibility. He did not identify any specific testimony or exhibits that raised any credibility issues, as the cases require him to do. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). He did state that Plaintiff was not credible to the extent that Plaintiff complained of impairments that were inconsistent with the residual functional capacity [AR 16], a statement found in every decision this Court has seen for the last several years, and a statement that is meaningless.

Beyond the fact that the Administrative Law Judge did not identify testimony that was not credible, he also erred in the evaluation that he did undertake. He said that Plaintiff's "broad range of daily activity is not consistent with a finding of total disability," [AR 17], but the "activity" he identified was hardly broad and, in most cases, was *in*activity

— cleaning a little, taking out the trash, buying groceries, watching television and sitting at the bus stop. These are not matters that are in any way inconsistent with a notion of compromised ability to work because of spinal stenosis. The Administrative Law Judge also stated that he had fashioned a residual functional capacity that took into account Plaintiff's complaint of back pain. [AR 17] This is not true, however, if Plaintiff's complaints of back pain were to be believed, because the light work which the Administrative Law Judge found Plaintiff could perform may well involve more walking and standing than his treating physician said he was capable of. This really is not a reason for finding Plaintiff not credible, of course, but is a further explication of the error of not accepting the treating physician's opinion. Likewise, the fact that Plaintiff may have started medication only relatively recently does not gainsay the nature of the impairment — a narrowing of the spinal canal — and the attendant pain, and it is hard to see the pharmacopiae that Plaintiff uses as evidence of "conservative" treatment indicating that his pain is overstated.

Finally, the Administrative Law Judge wrongly rejected the testimony of the lay witness. He stated that he considered her "corroborating testimony," but that he could not "grant her statements greater evidentiary weight than I do to the medical evidence." [AR 18] There may be some virtue to such a statement in the abstract, *see, e.g., Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001), but here there was no medical evidence contradicting the lay witness. The only medical evidence was that which the Administrative Law Judge rejected, that of the treating physician and the examining mental health consultant. It was error here to reject the lay witness testimony. *See Bruce v. Astrue,* 557 F.3d 1113, 1115 (9th Cir. 2009).

The decision of the Commissioner is reversed, and the matter is remanded for further administrative proceedings. On remand, the Commissioner shall accept the treating

///
///
///

- 5 -

physician's opinions as to Plaintiff's physical capabilities as true, and shall otherwise proceed consistently with the matters stated herein.

IT IS SO ORDERED.

DATED: June 10, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE